IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAIT PARTNERSHIP, L.P., <br> As the Collateral Manager and Special <br> Service for RAIT CRE CDO I, Ltd. <br><br> Plaintiff, <br><br> v. <br><br> FIELDSTONE LESTER SHEAR & <br> DENBERG, LLP et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 09-28 (GMS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM ORDER**

Pending before the court are RAIT Partnership, L.P.'s ("RAIT") Objections to the Report and Recommendation Dated October 13, 2009, and RAIT's Objections to the Report and Recommendation Dated October 14, 2009. (D.I. 73, 74.) For the reasons discussed, the court will overrule RAIT's objections, and adopt both reports and recommendations of the magistrate judge, which recommend that the court: (1) grant Lawyers Title Insurance Corporation's ("Lawyers Title") motion for leave to file an amended answer (D.I. 43); (2) grant Fieldstone, Lester, Shear & Denberg, LLP's ("Fieldstone"), and Michael Denberg, Esq.'s ("Denberg") motion to transfer for improper venue (D.I. 8); (3) grant Fieldstone's and Denberg's motion to transfer the cross-claims for improper venue (D.I. 25); (4) deny as moot Fieldstone's and Denberg's motion to strike RAIT's answering brief in opposition (D.I. 54); (5) deny as moot Fieldstone's and Denberg's motion to stay discovery (D.I. 42); and (6) deny as moot any remaining issues raised in Fieldstone's and Denberg's motions to dismiss.

II. **THE PARTIES' CONTENTIONS**

With respect to the October 13, 2009 report and recommendation (D.I. 69), RAIT contends that Magistrate Judge Thynge erred in recommending that the court grant Lawyers Title's motion to amend. Specifically, RAIT contends that, although courts generally decide requests to amend pleadings under liberal standards, the amendment to its answer that Lawyers Title seeks to make is not of the type to which courts typically apply these principles of liberality. To that end, RAIT contends that the motion to amend is an attempt by Lawyers Title to recant a critical admission regarding its agency relationship with Fieldstone and Denberg, and not an effort to correct an inadvertent mistake. With respect to the October 14, 2009 report and recommendation (D.I. 70), RAIT contends that Magistrate Judge Thynge erred in determining that Fieldstone's and Denberg's failure (i.e. omission) to file a UCC Financial Statement with the Delaware Secretary of State was an action that did not occur in Delaware but, rather, in Florida. RAIT further contends that the magistrate judge's reliance on *Cottman Transmission Sys., Inc v. Martino*, 36 F.3d 291 (3d Cir. 1994), is misplaced, because the *Cottman* language upon which the magistrate judge relies is dicta, which is not binding on the court. Finally, RAIT contends that the magistrate judge erred in concluding that Delaware is not a proper venue for this action.

In response to RAIT's contentions regarding the October 13, 2009 report and recommendation, Lawyers Title asserts that the magistrate judge correctly concluded that: (1) RAIT failed to demonstrate undue prejudice; (2) RAIT failed to demonstrate bad faith or dilatory motive on the part of Lawyers Title; (3) the proposed amendment would not be futile; and (4) Lawyers Title's motion to amend was timely filed. Thus, Lawyers Title asserts that the magistrate judge's recommendation to grant its motion to amend was correct.

In response to RAIT's contentions regarding the October 14, 2009 report and recommendation, Fieldstone and Denberg assert that the magistrate judge properly found that venue does not lie in Delaware. Fieldstone asserts that the magistrate judge correctly found that an omission occurs in the venue where the non-action occurs, not in the venue where the action should have occurred. With respect to the present case, Fieldstone and Denberg assert that the magistrate judge correctly determined that the non-action, i.e. the failure to file the UCC Financial Statement with the Delaware Secretary of State, occurred in the Southern District of Florida and Virginia.

### III. STANDARD OF REVIEW

Because the magistrate judge filed her reports and recommendations pursuant to Rule 72(b)(1) of the Federal Rules of Civil Procedure, the court will treat the pending motions as dispositive and conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(E); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify the recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The court may also receive further evidence or return the matter to the magistrate judge with instructions for proceedings. *Id.*

### IV. DISCUSSION

After having reviewed the record in this case, the October 13, 2009 and October 14, 2009 reports and recommendations, the parties' submissions, and the applicable law, the court finds that the magistrate judge committed no factual or legal error in reaching her conclusions. More particularly, the magistrate judge correctly determined that the court should grant Lawyers Title's motion for leave to file an amended answer under the liberal pleading standard of Federal Rule of Civil Procedure 15(a). Indeed, Lawyers Title's motion to amend was timely, and RAIT failed to demonstrate: (1) that it would be unduly prejudiced by the amendment, (2) any bad faith or dilatory

motive on the part of Lawyer's Title, or (3) that the proposed amendment would be futile. Accordingly, the court fully adopts the rational set forth by Magistrate Judge Thynge in her October 13, 2009 report and recommendation, and will overrule RAIT's objections.

The magistrate judge also correctly determined that Delaware was not a proper venue for this action. As the magistrate judge pointed out, venue is proper in the district where the action/non-action occurs, not where it should have occurred. The court finds no error in the magistrate judge's reliance on *Cottman*. Indeed, the court finds *Cottman*'s rationale persuasive. Further, the court agrees with the magistrate judge that the non-action, i.e. the failure to file the UCC Financial Statement with the Delaware Secretary of State, occurred in Florida and Virginia, and that the claims asserted are, therefore, only tangentially related to Delaware. Finally, the court concludes that the magistrate judge appropriately determined that this action should be transferred to the Southern District of Florida. Accordingly, the court fully adopts the rational set forth by Magistrate Judge Thynge in her October 14, 2009 report and recommendation, and will overrule RAIT's objections.

Therefore, IT IS HEREBY ORDERED that:

1. RAIT's Objections to the Report and Recommendation Dated October 13, 2009 (D.I. 73) are OVERRULED.

2. RAIT's Objections to the Report and Recommendation Dated October 14, 2009 (D.I. 74) are OVERRULED.

3. The Report and Recommendation Dated October 13, 2009 (D.I. 69) is ADOPTED.

4. The Report and Recommendation Dated October 14, 2009 (D.I. 70) is ADOPTED.

5. The Clerk of Court is directed to transfer this action to the Southern District of Florida.

Dated: March 2, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE